# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|                        |   |                          |
|------------------------|---|--------------------------|
|                        | : |                          |
| EDDIE WAYNE SNEAD,     | : | CIV. NO.  21-8297 (RMB)  |
|                        | : |                          |
| Petitioner,           | : |                          |
| v.                     | : | **MEMORANDUM OPINION**   |
|                        | : |                          |
| STEVIE KNIGHT,[1]      | : |                          |
|                        | : |                          |
| Respondent             | : |                          |
|                        | : |                          |

**IT APPEARING THAT:**

1.      On or about April 5, 2021, Petitioner Eddie Wayne Snead, a prisoner confined in FCI Fort Dix, in Burlington County, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") unlawfully refused to apply First Step Act ("FSA") time credits (the "Time Credits"). ECF No. 1.

2.      On December 9, 2021, Respondent filed an answer opposing relief, arguing that the BOP's interpretation of the FSA was reasonable and that Petitioner had not completed programs or activities to earn Time Credits. ECF No. 7. On March 24, 2022, Respondent filed a supplemental brief (ECF No. 11), in compliance with this Court's Order dated January 24, 2022 (ECF No. 8), describing why the BOP's final

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Stevie Knight, the Warden of Federal Correctional Institution Fort Dix, is automatically substituted for former wardens David Ortiz and Lamine N'Dyiaye.

rule[2] did not render the habeas petition moot, and explaining why the BOP had not yet calculated Petitioner's Time Credits.

3.      Petitioner submitted several letters to the Court, describing the BOP's progress in calculating his Time Credits, and objecting to the BOP's determination that he was not entitled to certain credits. ECF Nos. 12-15. This Court directed Respondent to reply to Petitioner's letters. ECF No. 16.

4.      On March 10, 2023, Respondent filed a response (ECF No. 19), in compliance with this Court's Order.  Respondent states:

> On February 11, 2023, BOP generated an FSA Time Credit Assessment for Petitioner. [Declaration of Cyntrena Cross-Peart, Docket No. 19-1,] ¶ 7 and Ex. 1. That assessment reflected that Petitioner had earned a total of 570 days of time credit. BOP applied 365 of those credit days toward Petitioner's early release and the remaining 205 days toward transfer to prerelease custody. *See id.*, Ex. 1. In addition, the assessment showed that BOP has not disallowed Petitioner any programs days. *See id.*
>
> At the time that he filed the Petition, Mr. Snead had a projected Good Conduct Time release date of December 8, 2024. *See id.* ¶ 9 and Ex. 2. Because BOP has applied 365 days of Petitioner's FSA time credit toward early release, Petitioner's release date is now December 9, 2023. *See id.*
>
> Furthermore, BOP applied the remainder of Petitioner's FSA time credit toward transfer to prerelease custody and, on February 8, 2023, transferred Petitioner to an RRC in Philadelphia, Pennsylvania, where he is serving the remainder of his sentence. *See id.* ¶ 10 and Ex. 3.

ECF No. 19 at 3. As of the date of this order, Petitioner has not responded to Respondent's March 2023 letter.

---

[2] 87 Fed. Reg. 2705.

5.      This Court finds that Petitioner has been afforded the relief requested in his habeas petition—502 days of FSA time credit. ECF No. 1 at 7. Further, Petitioner has received all available credit toward early release and prerelease custody.

6.      "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

7.      Petitioner has received the habeas relief he requested. Therefore, the petition is moot, and the Court will dismiss it.

An accompanying Order follows.


**DATE: November 3, 2023**                     <u>s/Renée Marie Bumb</u>
                                               **RENÉE MARIE BUMB**
                                               **Chief United States District Judge**

3